JOHN R. KETCHUM  
VS. NO. 2018- 985 E  
ST. GOBAIN CORPORATION  
FILED: MAR - 8 2018

14TH JUDICIAL DISTRICT COURT  
PARISH OF CALCASIEU  
STATE OF LOUISIANA

_Paul Broussard_  
Deputy Clerk of Court

## SUIT ON ERISA PENSION PLAN

The Petition of JOHN R. KETCHUM (hereinafter referred to as "Petitioner"), a resident of the full age of majority of Calcasieu Parish, Louisiana, with respect represents:

1.

Made Defendant is the SAINT-GOBAIN CORPORATION, a foreign corporation. Per the applicable Plan, service may be made upon the Plan Trustee, State Street Bank and Trust Company, which may be served through the Prentice-Hall Corporation System, Inc., 501 Louisiana Avenue, Baton Rouge, Louisiana 70802.

2.

On January 13, 1975, Petitioner began his employment with CertainTeed. He continued with that employment until March 2, 2011, when he was disabled by an on-the-job injury. He has remained disabled since then.

3.

The Social Security Administration awarded disability benefits to Petitioner, retroactive to August 2011(the required five months after beginning of disability).

4.

On July 1, 2016, Petitioner applied for disability retirement benefits provided by the CertainTeed Corporation Employees' Pension Plan, which is part of the Saint-Gobain Retirement Income Plan, which in turn is sponsored by the Saint-Gobain Corporation. The plan falls within ERISA laws and guidelines.

5.

Despite the fact Petitioner was fully vested in this pension plan and met all of the requirements contained in the plan, Defendant paid disability retirement benefits to Petitioner retroactive only to the date of his application, as opposed to the date of his disability, as had the Social Security Administration.

6.

Defendant relied upon an amendment to the plan, which became effective long after Petitioner was fully vested, which requires that an application be made before payments are made. Defendant did so despite the fact it had previously paid benefits, retroactive to the date of disability, to a co-employee of Petitioner, under circumstances almost identical to those of Petitioner.

CALCASIEU CLERK-COST  
MAR 08 2018 PM02:20:20

EXHIBIT  
A

7.

Defendant's reliance upon the procedural requirement contained in an amendment to the plan, which became effective long after Petitioner's vesting, violates the Anti Cut-Back rules applicable to ERISA retirement plans. Petitioner brings this action under ERISA section 502(a)(1)(B).

8.

Additionally, there are numerous inconsistencies and ambiguities within and between the Plan Summary document and the Plan document. Inasmuch as these documents were drafted by Defendant, any ambiguities should be resolved in favor of Petitioner.

9.

Due to Defendants breach of ERISA law, Petitioner is entitled to recover benefits from his last day of employment until the day Defendant commenced benefits. Petitioner is also entitled to attorney fees and equitable relief.

WHEREFORE, JOHN R. KETCHUM prays that this petition be filed and that Defendant be served and cited to answer same; prays further that after due proceedings, there be judgment in his favor, ordering Defendant to pay Petitioner's pension benefits from his last day of employment until Defendant commenced benefits, as well as attorney fees; prays further for all equitable relief.

BY HIS ATTORNEY:

*[signature]*

JAMES R. MORRIS         09731
4216 Lake St.
Lake Charles, LA 70605
Phone: 337 990 0256
Fax: 337 990 0258
Email: jmorris@jrmorrislaw.com

SERVICE INSTRUCTIONS:
Please serve the Plan Trustee, State Street Bank and Trust Company, through the Prentice-Hall Corporation System, Inc., 501 Louisiana Avenue, Baton Rouge, Louisiana 70802.